**In the Matter of Lillian WASHINGTON, Debtor.**

**Lillian WASHINGTON, Plaintiff,**

**v.**

**BRUNSWICK HOSPITAL CENTER, Dr. William E. F. Werner, d/b/a Midland Hospital, Donald J. Eisenberg, as Superintendent, a successor to Edward J. Rosasco, Jr., as acting Superintendent of Nassau County Public General Hospital, known as Nassau County Medical Center, Donald H. Eisenberg, as Superintendent of Nassau County Public General Hospital, known as Nassau County Medical Center, Defendants.**

**Bankruptcy No. 880–04353–17.**
**Adv. No. 881–0031–17.**

United States Bankruptcy Court,
E. D. New York.

July 27, 1981.

Jay Mark Sackman, Westbury, N. Y., for plaintiff.

Charles R. Tropp, Staten Island, N. Y., for defendant Werner.

DECISION

BORIS RADOYEVICH, Bankruptcy Judge.

By a complaint filed on February 25, 1981, Lillian Washington (the "debtor")

calls upon the Court to void certain judgment liens under section 522(f)(1) of the Bankruptcy Code on the ground that these liens impair the homestead exemption of $5,705.40 which she has claimed in her schedules. The debtor's action is opposed by Dr. William E.F. Werner, one of the judgment creditors, who contends that section 522(f)(1) may not constitutionally be applied to liens such as his which became liens prior to the enactment of section 522 on November 6, 1978. The stipulation of the parties and the findings of this Court made on April 13, 1981, are incorporated herein by reference. For reasons which follow, the Court concludes that the applications of the statute to this creditor's lien would constitute a taking of his property without just compensation.

## MEMORANDUM

The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 29, 1980. The schedules accompanying her petition indicate that she is a cotenant and occupant of residential real property located at 75 Lincoln Avenue in South Farmingdale, Suffolk County, New York. The value of this property is $28,500.00. Her schedules fix the value of her interest as a cotenant at $10,929.50, and indicate that the property is subject to a $10,448.20 mortgage held by the New York Guardian Mortgage Corporation. The debtor has claimed a federal homestead exemption in the amount of $5,705.40.

On February 25, 1981, the debtor commenced this action under Code section 522(f)(1) against Dr. Werner and several other defendants.[1] The complaint alleges, and the Court finds, that money judgments have been docketed in the Office of the Suffolk County Clerk as follows: $1,680.60, by the Brunswick Hospital Center on January 16, 1973; $2,453.71, by Dr. William E.F. Werner on October 7, 1974; $1,500.77, by the Brunswick Hospital Center on September 20, 1976; and, $4,028.37 and $1,000.96 by the Nassau County Medical Center on March 31, 1977. In addition, the State Tax Commission filed a tax warrant in the amount of $3,141.00 with the Suffolk County Clerk on June 6, 1973; together with interest, the amount of the warrant totals $4,491.63. By operation of New York law, all of the aforementioned judgments and claims became liens on the debtor's real property in Suffolk County upon their docketing with the Suffolk County Clerk. See N.Y.Civ.Prac.Law § 5203 (McKinney 1978); N.Y.Tax Law § 380 (McKinney 1975).

Section 522(f)(1) of the Bankruptcy Code gives debtors the right to avoid the fixing of judicial liens on interests in property to the extent that such liens impair exemptions allowed under section 522(b) of the Code. This permits debtors to protect the full value of their exempt property notwithstanding the existence of pre-petition judicial liens. But see 11 U.S.C. §§ 522(c), 523(a)(1). However, the Code and its legislative history make it clear that a debtor does not have the right to avoid a lien if the value of the property is sufficient to satisfy the lien and any prior liens after deducting the amount claimed by the debtor as exempt. See H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977) 362; S.Rep.No.95–989, 95th Cong., 2d Sess. (1978) 76, U.S.Code Cong. & Admin.News 1978, p. 5787. See generally 3 Collier on Bankruptcy ¶ 522.29 (15th ed. 1980). As such, the existence of a right to avoid a lien under section 522(f)(1) depends upon the value of the property encumbered by the lien.

In the present case, it is apparent that the defendant's judgment lien would be satisfied, if at all, only out of equity in the homestead which the debtor has claimed as exempt: deduction of the amount of judgment liens perfected prior to the answering defendant's, from the value of the debtor's interest in the property, leaves an amount which is less than the homestead exemption claimed by the debtor.[2] Since the answer-

---

1. Dr. Werner is the only defendant who has appeared in this proceeding.

2. In addition, if all or a part of the prior mortgage is deducted from the value of the debtor's interest, little or no value would be left for the satisfaction of the answering defendant's lien.

ing defendant's judgment lien would impair the debtor's homestead exemption, the debtor has established her right to avoid the lien under 11 U.S.C. section 522(f)(1).

However, this Court is of the opinion that the statute is an unconstitutional taking of property as applied to the answering defendant's lien. The Fifth Amendment's prohibition, "nor shall private property be taken for public use, without just compensation," is intended to prevent the federal government from forcing a few persons to bear public burdens which, in all fairness, should be shared by the public at large. *Armstrong v. United States*, 364 U.S. 40, 49, 80 S.Ct. 1563, 1569, 4 L.Ed.2d 1554 (1960). While a taking may more readily be found in reviewing a statute which authorizes a direct physical usurpation of property rights by government, *see, e. g., United States v. Causby*, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1026 (1946), a taking may also result from the application of a statute which adjusts the benefits and burdens of private economic life in order to promote the common good, *see Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 125, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631 (1978). To be sure, an unconstitutional taking may result from the retroactive application of a statute which deprives a person of a substantial right in property. *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935).

In *Louisville Joint Stock Land Bank v. Radford, supra*, the Supreme Court identified the incidents of property which it regarded as sufficiently substantial to entitle its owner to claim Fifth Amendment protection. Among these are:

(1) The right to retain the lien until the indebtedness thereby secured is paid.

(2) The right to realize upon the security by a judicial public sale.

(3) The right to determine when such sale shall be held, subject only to the discretion of the Court.

(4) The right to protect its interest in the property by bidding at such sale whenever held, and thus to assure having the mortgaged property devoted primarily to the satisfaction of the debt, either through receipt of the proceeds of a fair competitive sale or by taking the property itself.

(5) The right to control meanwhile the property during the period of default, subject only to the discretion of the court, and to have the rents and profits collected by a receiver for the satisfaction of the debt.

295 U.S. at 594–95, 55 S.Ct. at 865. These are among the incidents which attach to a judgment lien in New York. See N.Y.Civ. Prac.Law § 5203. *See generally Knapp v. McFarland*, 462 F.2d 935 (2d Cir. 1972). Since these incidents would be completely taken by the application of Code section 522(f)(1) to judgment liens such as the defendant's, which arose prior to the enactment of the Bankruptcy Reform Act, *see* Act of November 6, 1978, Pub.L.No.95–595, 92 Stat. 2549, the plaintiff may not have judgment against the defendant. *See Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10th Cir. 1981). Accordingly the complaint should be dismissed as to Dr. Werner. Insofar as none of the other named defendants have appeared or answered in the instant proceeding, the plaintiff is entitled to prevail on her claims against them.

Settle judgment in accordance herewith.